```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITE HERE,                             :
                  Plaintiff,            :
                                        :      06 Civ. 7061 (DLC)
          -v-                           :
                                        :      OPINION AND ORDER
CINTAS CORPORATION,                     :
                  Defendant.            :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Frank H. Wohl
Lankler Siffert & Wohl LLP
500 Fifth Avenue, 33rd Floor
New York, NY 10110

For Plaintiff's Counsel:
Eric Seiler
Robert J. Lack
Anne E. Beaumont
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway, 46th Floor
New York, NY 10019

For Defendant:
Gregory M. Utter
Keating Muething & Klekamp PLL
One East Fourth Street, Suite 1400
Cincinnati, OH 45202

Myron Kirschbaum
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

DENISE COTE, District Judge:

   On September 14, 2006, the plaintiff trade union, Unite

Here ("Unite"), filed the instant action against the defendant

Cintas Corporation ("Cintas"), a company in which it owns a handful of shares and which it is trying to unionize.  Unite alleged that Cintas issued a proxy statement containing material misstatements and omissions in violation of Section 14(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78 n(a) ("Section 14(a)"), and Rule 14(a)-9 promulgated thereunder, 17 C.F.R. § 240.14(a)-9 ("Rule 14(a)-9").  Unite's motion for a preliminary injunction against the defendant was denied for reasons explained in an Opinion of October 6.[1]  <u>Unite Here v. Cintas Corp.</u>, No. 06 Civ. 7061 (DLC), 2006 WL 2859279 (S.D.N.Y. Oct. 11, 2006) ("October Opinion").  The October Opinion is incorporated by reference and familiarity with it is assumed.

While Unite voluntarily dismissed this case after the denial of its motion for a preliminary injunction, Cintas moved on October 19 for sanctions against Unite and its counsel on four independent grounds: 1) this Court's inherent authority; 2) 28 U.S.C. § 1927 ("Section 1927"); 3) Section 78u-4(c) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(c)(1) ("Section 78u-4(c)"), in conjunction with Fed. R. Civ. P. 11 ("Rule 11") and 4) Rule 11 alone.  For the following reasons, the motion for sanctions is denied.

---

[1] A Corrected Opinion and Order was issued on October 11 for the sole purpose of correcting the numbering of footnotes in the original opinion.

BACKGROUND

The following facts are taken from the record in this case and the parties' submissions on the instant motion. On September 1, Cintas distributed to its shareholders a notice of its upcoming October 10 annual meeting and a proxy statement soliciting shareholder proxies on proposals to be voted upon at the meeting. Two weeks later, Unite filed this complaint, asserting that the Cintas proxy statement contained affirmative misstatements and omissions with respect to certain corporate transactions concerning its Chairman, Richard Farmer, as well as CEO and Board Member, Scott Farmer. The complaint alleged three specific misstatements and omissions on which Unite founded its single claim: (1) the misrepresentation of the ownership of one Cintas private jet and the benefits accruing to Richard and Scott Farmer from its use, (2) the failure to disclose related party transactions between Cintas and the law firm of Keating Muething & Klekamp PLL ("KMK"), and (3) the failure to disclose related party transactions between Cintas and the Kentucky Speedway.

Cintas' counsel sent plaintiff a letter on September 22, in which it maintained that Unite had "absolutely no factual or legal basis" for its claim and that the complaint was filed for the improper purpose of harassing the corporation. Cintas

stated that if Unite did not withdraw its complaint, it would "vigorously pursue sanctions" under Rule 11 and the PSLRA.

The plaintiff brought a motion for a preliminary injunction based on each of the three misrepresentations and omissions identified in its complaint. At an evidentiary hearing on October 4, the motion was denied from the bench. The October Opinion issued two days later set forth this Court's findings of fact and conclusions of law.

The October Opinion observed that it appeared the plaintiff had brought this lawsuit to harass the defendant, to gain leverage in a unionization struggle, and without any genuine belief in the merits of its claims. October Opinion, at *10. With respect to the sole misrepresentation claim, which concerned the Falcon jet, the plaintiff failed to show a likelihood of proving that the proxy statement contained a misrepresentation. Id. at *8. As to the two omission claims, however, the October Opinion concluded that the KMK and Kentucky Speedway transactions appeared to be related party transactions under the securities laws, but denied preliminary relief because the plaintiff had failed to show that a disclosure regarding either transaction would have been material to Cintas shareholders. Id. at *8-9.

On October 9 -- five days after the motion for a preliminary injunction was denied at the hearing, and three days

after the October Opinion was issued -- the plaintiff filed a notice of voluntarily dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(i).  This dismissal was ordered on October 12.  Cintas filed its sanctions motion on October 19.[2]

DISCUSSION

As already noted, Cintas moves for sanctions against Unite and its counsel on four independent grounds: 1) this Court's inherent authority; 2) Section 1927; 3) PSLRA Section 78u-4(c) in conjunction with Rule 11; and 4) Rule 11 alone.  For the following reasons, the motion for sanctions fails.

A) Inherent Authority

A court possesses the inherent authority to authorize sanctions.  Sakon v. Andreo, 119 F.3d 109, 113 (2d Cir. 1997). Based on its "inherent power to supervise and control its own proceedings," a court may sanction counsel or a litigant for "bad-faith conduct" provided they receive "an appropriate hearing."  Mickle v. Morin, 297 F.3d 114, 125 (2d Cir. 2002)

---

[2] In its reply brief on the instant motion, Cintas objects to the submission by Unite and Unite's counsel, Friedman Kaplan Seiler & Adelman LLP ("FKSA"), of declarations by Unite employees and FKSA attorneys.  Cintas seeks the opportunity to conduct "limited discovery" if any of this evidence is considered.  The defendant's request is denied because this Opinion does not rely upon these declarations.

5

(citation omitted).  Sanctions based on a court's inherent authority are appropriate where a party or attorney has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons."  Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78 (2d Cir. 2000) (citation omitted).  Such an award must be based on "clear evidence and must be accompanied by a high degree of specificity in the factual findings."  Mickle, 297 F.3d at 126 (citation omitted).  The moving party must demonstrate that "the challenged actions are entirely without color, and [were] taken for reasons of harassment or delay or for other improper purposes . . . .  A claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim."  Revson, 221 F.3d at 78-79 (citation omitted).

The imposition of sanctions against Unite and its counsel under this Court's inherent authority is unwarranted.  Two of Unite's three allegations identify omissions that are likely reportable transactions under the securities laws.  Relief on these elements of plaintiff's claim was denied because Unite failed to demonstrate a likelihood of proving that disclosure of these transactions was material information for Cintas shareholders.  It cannot be said, therefore, that these two prongs of Unite's claim were "entirely without color."  Where two of the three prongs of the plaintiff's preliminary

6

injunction motion were rejected under a materiality analysis, this Court will not conclude that Unite's claim itself was objectively unreasonable so as to warrant sanctions pursuant to this Court's inherent authority.  Unite's motives, however questionable, in bringing its lawsuit will not support the imposition of sanctions when it had facially valid theories to support its claim.

B. Section 1927

Cintas requests sanctions against Unite's counsel, FKSA, pursuant to Section 1927, which provides in pertinent part:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who <u>so multiplies the proceedings</u> in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (emphasis supplied).  Section 1927 only applies to attorneys or those authorized to practice before the courts. <u>Salovaara v. Eckert</u>, 222 F.3d 19, 35 n.13 (2d Cir. 2000).  A court may sanction counsel pursuant to Section 1927 "only when there is a finding of conduct constituting or akin to bad faith."  <u>State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada</u>, 374 F.3d 158, 180 (2d Cir. 2004) (citation omitted). The standard for sanctioning counsel pursuant to Section 1927 is the same standard for imposing sanctions pursuant to a court's

7

inherent authority: a finding of "clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith -- that is, motivated by improper purposes such as harassment or delay." Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) (citation omitted). Such sanctions are "proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." State Street Bank, 374 F.3d at 180.

Sanctions under Section 1927 against FKSA are not warranted because Cintas has not pointed to conduct by plaintiffs' counsel that "unreasonably and vexatiously" multiplied the proceedings in this action.  The defendant essentially complains that the plaintiff pursued a meritless lawsuit, one that had no "legitimate factual or legal basis for the claim," not that plaintiff's counsel litigated the action in a way that multiplied or delayed the proceedings.  See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of America, 948 F.2d 1338, 1345 (2d Cir. 1991) (holding that the purpose of Section 1927 is "to deter unnecessary delays in litigation").  Since Unite voluntarily discontinued the action less than a week after the October Opinion was issued and less than one month after it filed the action, it cannot be concluded

8

that the plaintiff unnecessarily multiplied the proceedings or delayed the litigation.

C. PSLRA Section 78u-4(c) and Rule 11

As a third theory to support its motion for sanctions, Cintas offers Section 78u-4(c), the PSLRA's fee-shifting provision.  Section 78u-4(c) requires a court to make findings regarding each attorney and party's compliance with Rule 11(b) in actions arising under the PSLRA upon their "final adjudication."[3]  Rule 11(b) provides in pertinent part:

> By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that]
>
> > (1) it is not being presented for any improper purpose . . . ;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

---

[3] Section 78u-4(c)(1) provides:

> In any private action arising under this chapter, <u>upon final adjudication of the action</u>, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

15 U.S.C. § 78u-4(c)(1) (emphasis added).

9

>     (3) the allegations and other factual contentions have
>     evidentiary support or, if specifically so identified,
>     are likely to have evidentiary support after a
>     reasonable opportunity for further investigation or
>     discovery.

Fed. R. Civ. P. 11(b). In determining whether a Rule 11 violation has occurred, a court must apply an objective standard of reasonableness, In re Pennie Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003), and provide notice and an opportunity to respond to any party or attorney prior to the finding of a violation, 15 U.S.C. § 78u-4(c)(2). If a court does make such a finding, Section 78u-4(c) requires the imposition of sanctions.[4]

The Second Circuit has explained that Congress's purpose in instituting Section 78u-4(c) was "to reduce significantly the filing of meritless securities lawsuits without hindering the ability of victims of fraud to pursue legitimate claims," by putting "teeth" in Rule 11. Gurary v. Nu-Tech Bio-Med, Inc.,

---

[4] Section 78u-4(c)(2) provides:

> If the court makes a finding under paragraph (1) that a
> party or attorney violated any requirement of Rule 11(b) of
> the Federal Rules of Civil Procedure as to any complaint,
> responsive pleading, or dispositive motion, the court shall
> impose sanctions on such party or attorney in accordance
> with Rule 11 of the Federal Rules of Civil Procedure.
> Prior to making a finding that any party or attorney has
> violated Rule 11 of the Federal Rules of Civil Procedure,
> the court shall give such party or attorney notice and an
> opportunity to respond.

15 U.S.C. § 78u-4(c)(2).

303 F.3d 212, 219 (2d Cir. 2002) (citation omitted); H.R. Conf. Rep. No. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730 at 738.  Rather than altering Rule 11, the PSLRA "functions merely to reduce courts' discretion in choosing whether to conduct the Rule 11 inquiry at all and whether and how to sanction a party once a violation is found."  Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc., 186 F.3d 157, 167 (2d Cir. 1999); see also Gurary v. Winehouse, 190 F.3d 37, 47 (2d Cir. 1999) (remanding for specific findings regarding compliance with Rule 11 pursuant to the PSLRA where district court "implicitly denied" motion for sanctions).

Cintas' PSLRA theory fails because there has been no "final adjudication" in this case as that term is used in Section 78u-4(c)(1).  This Court has previously held that while "[t]he PSLRA does not define the term 'final adjudication' and there is little case law on its meaning as it is used in Section 78u-4(c)(1)," a plaintiff's voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(i) does not constitute a "final adjudication" for the purpose of applying PSLRA Section 78u-4(c).  Blaser v. Bessemer Trust Co., No. 01 Civ. 11599 (DLC), 2002 WL 31359015, at *3 (S.D.N.Y. Oct. 21, 2002).

> Black's Law Dictionary defines adjudication as "the legal process of resolving a dispute; the process of judicially deciding the case."  The American Heritage Dictionary defines adjudicate as "to hear and settle (a case) by judicial procedure."  To the extent that plaintiff

11


> voluntarily dismissed [its] complaint without prejudice pursuant to Rule 41(a)(1)(i), [a] dispute has not been "resolved" and the Court has not "decided" the case. Nor has it "heard and settled" the case. By the plain meaning of the term, there has been no "adjudication" in this case, let alone adjudication that is "final."

Id. (citation omitted). Consequently, a court is not required to conduct the review of each party and attorney's compliance with Rule 11 as required by Section 78u-4(c)(1) after a plaintiff voluntary dismisses its case without prejudice. Id. ("If Congress actually intended to saddle district courts with this task, it would have stated so explicitly instead of using the phrase 'final adjudication' as the trigger for Rule 11 review.").

The defendant seeks to differentiate this Court's decision in Blaser on the ground that this case included adjudication of Unite's motion for a preliminary injunction. Its argument is unpersuasive. Resolution of a motion for preliminary relief does not constitute a "final adjudication" of a claim.

The defendant's recourse to Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir. 1953), Byrne v. Buythisfast Network, Inc., No. 03 Civ. 1999 (HB), 2005 WL 1155175 (S.D.N.Y. May 17, 2005), and In re Cross Media Mktg. Corp. Sec. Litig., 314 F. Supp. 2d 256 (S.D.N.Y. 2004), is also unavailing. While the defendant cites Harvey for the proposition that "the merits of [a] controversy [are] squarely

raised" at a preliminary injunction motion hearing, Harvey, 203 F.2d at 107, the case did not address the PSLRA, much less what constitutes a "final adjudication" triggering the application of Section 78u-4(c).  Byrne is of no more assistance to the defendant.  Although the district court engaged in a Rule 11 analysis pursuant to the PSLRA and imposed sanctions after the plaintiff had voluntarily withdrawn all of its claims, it did so where the withdrawal came after the commencement of summary judgment motion practice, and without any discussion of the statutory term "final adjudication."  Byrne, 2005 WL 1155175, at *1.  Finally, although the district court made PSLRA Rule 11 findings and declined to impose sanctions in In re Cross Media Mktg., it recognized that such an analysis "may be unnecessary" because the case had been dismissed without prejudice and with leave to re-file.  In re Cross Media Mktg., 314 F. Supp. 2d at 269.  None of these cases support the proposition that a "final adjudication" has occurred in the instant action and triggered the application of Section 78u-4(c).

D. Rule 11

Cintas finally argues that even if the PSLRA is inapplicable in this case, Unite should be sanctioned under Rule 11 alone.  Rule 11, however, contains a safe harbor provision, which provides that a motion for sanctions "shall not be filed

13

with or presented to the court unless, within 21 days after service of the motion . . . , the challenged paper . . . is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(I)(A); see also In re Pennie & Edmonds LLP, 323 F.3d at 89 (discussing Rule 11's safe harbor period).

Cintas' motion fails even under this fourth theory because Unite voluntarily dismissed its action within the 21-day safe harbor provision of Rule 11(c)(1)(A). The parties dispute whether Cintas' September 22 letter constituted notice of a motion for sanctions, or if such notice was first given when Cintas moved for sanctions on October 19. Even if the September 22 letter is construed as notice, Unite filed a notice of voluntary dismissal within the Rule 11 safe harbor period, less than 21 days later. Sanctions under Rule 11 alone are unavailable to the defendant.

CONCLUSION

The defendant's motion for sanctions is denied. The Clerk of Court shall close this case.

SO ORDERED:

Dated:   New York, New York
         May 22, 2007

_____
DENISE COTE
United States District Judge